UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BEYUKA COWART STEWART** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-1139** |
| **COOPERSURGICAL, INC.** | * | **SECTION L(5)** |

## ORDER & REASONS

Considering the foregoing motion to strike Defendant's motion for summary judgment, R. Doc. 48,

Plaintiff Beyuka Stewart argues that Defendant's motion for summary judgment improperly relies on deposition testimony "that has not been certified by the court reporter as required under Rule 30(f)(1) of the Federal Rules of Civil Procedure." R. Doc. 48-1 at 2. In relevant part, Federal Rule of Civil Procedure 30(f)(1) provides:

> **Certification and Delivery**. The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of deposition. . .

Fed. R. Civ. P. 30(f)(1).

Stewart directs the Court's attention to page 129 of the deposition transcript. *Id.* at n.1. Page 129 is titled "Certificate" and contains a line for the signature of the Certified Court Reporter to indicate that she (1) certifies that she gave the oath to Stewart, (2) was in fact the reporter for the deposition, and (3) acted in accordance with state and federal guidelines when reporting Stewart's testimony. R. Docs. 33-5 at 129. The page is unsigned. *Id.* However, page 4 provides:

> IT IS STIPULATED AND AGREED by and between counsel for the parties that the deposition of BEYUKA COWART STEWART is hereby being taken under the Federal Rules of Civil Procedure, for all purposes in accordance with the law;
> That the formalities of sealing, certification, and filing are hereby specifically waived;
> . . .

> Gail Freese, a Certified Court Reporter in and for the State of Louisiana, officiated in administering the oath to the above-named witness.

R. Doc. 33-5 at 4:3-9, 4:17-19. The parties' stipulations indicate that they both waived Rule 30(f)(1)'s formalities on certification of the deposition transcript. Thus, any challenge based on Rule 30(f)(1) lacks merit.

Stewart further argues that the 5th Circuit has established that uncertified and unsworn documents are not appropriate for the Court's consideration when ruling on a motion for summary judgment. R. Doc. 48-1 at 2. However, Stewart provides no proof that the transcript of her deposition is an unsworn document. Page 4 of the transcript as detailed above further shows that the Certified Court Reporter "officiated in administering the oath to" Stewart. R. Doc. 33-5 at 4:17-19. Additionally, pages 8 and 9 of the transcript demonstrate that Stewart understood she was giving sworn testimony:

> Q [DEFENSE COUNSEL]: And you understand that all of your responses today are under oath?
> A [PLAINTIFF]: Yes.

R. Doc. 33-5 at 8:24-9:1. Thus, Stewart's argument that her deposition transcript is a "unsworn document" also lacks merit and gives rise to additional penalties if she is suggesting that she previously lied under oath.

Stewart advances no other bases for her motion to strike Defendant's motion for summary judgment and thus, her motion fails. Further, should this matter proceed to trial, Stewart's statements at her deposition would be admissible under Federal Rule of Evidence 801(d)(2).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike, R. Doc. 48, is **DENIED**.

New Orleans, Louisiana, this 8th day of July, 2024.

_____
United States District Judge